UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTONIO L. VAUGHN,                    )
                                      )
              Petitioner,             )
                                      )
       v.                             )        CAUSE NO. 3:17-CV-286-JD-MGG
                                      )
WARDEN,                               )
                                      )
              Respondent.             )

OPINION AND ORDER

Antonio L. Vaughn, a prisoner without a lawyer, filed a habeas corpus petition

challenging his disciplinary hearing (ISP 17-02-31) at the Indiana State Prison on

February 7, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of

engaging in an unauthorized financial transaction in violation of Indiana Department of

Correction (IDOC) policy B-220.  ECF 1 at 1.  As a result, he lost 30 days earned credit

time.  *Id*.  The Warden has filed the administrative record and Vaughn filed a traverse.

Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due

process rights in prison disciplinary hearings: (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to

call witnesses and present documentary evidence in defense, when consistent with

institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Vaughn argues there is one ground which entitles him to habeas corpus relief.

As a threshold matter, the DHO had sufficient evidence to find Vaughn guilty of engaging in an unauthorized financial transaction. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Vaughn was found guilty of violating IDOC offense B-220, which prohibits

inmates from "[e]ngaging in or possessing materials used for unauthorized financial

transactions. This includes, but is not limited to, the use or possession of identifying

information of credit cards, debit cards, or any other card used to complete a financial

transaction." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/

02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Vaughn as follows:

On February 2, 2017, at approximately 12:54 pm, offender Vaughn,
Antonio DOC #173839 made a phone call to (812) 841-6730 assigned to
Marc McLawyer listed as his brother. During the phone conversation he
asked him to make a call to a "Ms. Stevens" for another offender named
Brian. At four minutes 50 seconds into the call offender Vaughn received
two PayPal numbers. After the first number was given Mr. McLawyer
said at five minutes 34 seconds, "The next ones for 25."

ECF 11-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in

the record to find Vaughn guilty of violating offense B-220. A conduct report alone can

be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case

here. On February 2, 2017, Intelligence Officer Callie Burke, the reporting officer, heard

Vaughn make a phone call to his brother, Marc McLawyer, who asked him to make a

call to a "Ms. Stevens" on behalf of "Brian" another offender. ECF 11-1 at 1. During the

phone call, McLawyer gave Vaughn two series of numbers—871-113-4088 and 880-389-

8560—both which Burke later identified as PayPal numbers. ECF 9 at 1. In doing so,

Burke ascertained that the initial three digits for both series of numbers did not reflect

valid area codes.  *Id*.  He also noted that both series of numbers were for $25.00.  *Id*.  The court has reviewed the audio recording of the phone call and it is clear from the recording that Vaughn and McLawyer explicitly discussed the two PayPal numbers, 871-113-4088 and 880-389-8560, and placing $25.00 on each of these series of numbers. ECF 12.  Furthermore, the court's review of the audio recording shows that McLawyer, who seemed to think that Vaughn may have been doing something he was not permitted to do, asked Vaughn if he was able to get numbers like that on the phone.  *Id*. Therefore, given the context of the phone call between Vaughn and McLawyer, coupled with Burke's identification of the two series of numbers as PayPal numbers, there was more than "some evidence" for the DHO to find Vaughn guilty of engaging in an unauthorized financial transaction.

Nevertheless, Vaughn argues his due process rights were violated because he was improperly denied the opportunity to review the audio recording of his February 2, 2017 phone call with his brother.  ECF 1 at 2.  Here, Vaughn claims that the audio recording would have shown that the "so-called numbers" were not PayPal numbers but instead were phone numbers.  ECF 15 at 2.  Inmates have a right to present relevant, exculpatory evidence in their defense.  *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992).  Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt."  *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).  Vaughn's right to present evidence was satisfied.  During his screening, Vaughn had the opportunity to request witnesses and

4

evidence in his defense.  However, Vaughn did not request any physical evidence and never indicated on the screening report that he wanted to review the February 2, 2017 audio recording of the phone call he had with his brother.  ECF 11-2 at 1.  Rather, Vaughn only requested the opportunity to review the audio recording on the day of the hearing when he provided the statement that he "[r]equested to hear the audio from the phone call.  They were not Paypal numbers."  ECF 11-4 at 1.  Yet due process is not denied when the prison officials deny untimely, day-of-hearing requests for evidence or refuse to consider evidence that could have been but was not timely requested. *McPherson*, 188 F.3d at 786; *Hamilton v. O'Leary*, 976 F.2d 341, 346-47 (7th Cir. 1992). Even though Vaughn's request to review the audio evidence was untimely, the DHO noted in her decision that she listened to the audio recording and it supported the conduct report.  ECF 11-4 at 1.  The court has reviewed the audio recording and finds that there is nothing potentially exculpatory in the phone call.  Furthermore, the court has reviewed Burke's document, (ECF 9 at 1), and, despite Vaughn's contention that the numbers were phone numbers, Burke confirmed that the two series of numbers were PayPal numbers.  Therefore, this ground does not provide a basis for habeas corpus relief.

　　To the extent the DHO might have erred in denying Vaughn's request to review the audio recording, the error was harmless.  When a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the denial of the evidence resulted in actual prejudice rather than harmless error.  *Piggie v. Cotton*, 342 F.3d 660,

666 (7th Cir. 2003).  Here, Vaughn participated in the phone call with his brother so he was aware of the contents of the audio recording.  He has not established that being able to review a recording of his own phone conversation with his brother would provide him with anymore information than what he had already known.  Thus, Vaughn was not prejudiced in any way by the DHO's denial of his last minute request to review the audio recording.

If Vaughn wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding.  *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009).  However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Antonio L. Vaughn's petition for writ of habeas corpus is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED on June 18, 2018

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT